# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

DAVIDSON AND ALS V. POPE AND ALS.

JANUARY 27th, 1887.

Absent, LEWIS, P.

1. LUNATICS—*Committee—Settlement—Credits.*—In suit by lunatic's administrator against committee to settle his accounts, &c., it appeared that after lunatic's death and before administrator qualified, committee had paid whole share of one distributee and part of share of the other—

HELD :
    The distributees should be made parties, and committee have credit for all he paid them, and for them.

2. IDEM—*Support—Principal.*—In such suit, committee should have credit for so much of principal necessarily expended for lunatic's support.

3. IDEM—*Commissions.*—In such suit, committee, having expended entire interest in lunatic's support, is entitled to commissions, to be paid out of principal, though he had not settled his accounts.

Appeal from decree of circuit court of Lynchburg, rendered May 17, 1884, in the cause of Philadelphia Pope's adm'r against S. S. Davidson, her committee, and his sureties, for settlement of his accounts and recovery of whatever sum he might owe the estate. The court decreed against committee for whole amount, without giving credit for sums he had paid the distributees since death of lunatic and qualification of administrator. There were no debts owing by the estate. From this decree Davidson appealed.

Opinion states the case.

*Diggs & Manson,* for the appellant.

*T. J. Kirkpatrick,* for the appellees.

Lacy, J., delivered the opinion of the court.

The bill was filed by the administrator of Philadelphia Pope, deceased, who was a lunatic, against S. S. Davidson, her committee, and his sureties. The committee answered, and upon a reference to a commissioner an account was reported in the cause, showing the transactions of the committee as such, from which it appeared that the committee had received the funds belonging to the lunatic, amounting to $3,786.90, of which Eliza H. Pope, a sister of the lunatic, was entitled to receive the sum of $1,893.45, and Mary Ann Duiguid, another sister, was entitled to $1,893.45, which made together the sum of $3,786.90; that there were but two heirs of the lunatic; that since the death of the lunatic, and before qualification of the administrator, the committee had paid Eliza H. Pope her share in full ; and that he had paid to Mary Ann Duiguid $100, and had rented her a home since May 14, 1880, since the death of her husband, amounting, as stated, to $414.50, and a balance was found due to Mary Ann Duiguid of $1,507.58. The administrator excepted to this report upon the ground that the distributees were not before the court, and decreed against the committee and his sureties for the whole amount of $3,786.90 in favor of the administrator, although, as has been said, the greater part of it had been already paid to the parties ultimately entitled to receive it.

This was most inequitable, and not justified by the circumstance that the said parties were not before the court. There were no debts due to any creditor of the estate of the lunatic, and the whole duty of the administrator was to collect the

assets of the estate, and to pay it over to the two parties enti-
tled to it, and upon no equitable principle could the adminis-
trator collect for these parties more than was justly due them;
and, as no decree ought to have been had in the cause settling
a distributee account without the distributees being before the
court, upon the case made by the answer, and the proofs and
the commissioner's report, the court should have caused the
plaintiff to amend his bill, and bring in the distributees, and
settle fairly with the committee, allowing him credit for his
payments to the parties entitled; and the said decree will for
that cause be reversed, and the cause remanded for further
proceedings to be had therein, with all the parties entitled to
the estate before the court, when the payments made by the
committee may be allowed to him, and exact justice done
between the parties. It is erroneous to require this committee
to pay the sum of $1,893.45 to the administrator, for the
benefit of Eliza H. Pope, when Eliza H. Pope has already been
paid; and if, as intimated by the administrator in this court,
these credits would have been allowed them by him, although
he excepted to the commissioner's report because they were
allowed, still it was a vain thing to allow the committee to pay
$1,893.45 to the administrator that the administrator might
immediately repay it to him.

In the case of *Small* v. *Lumpkin* this court said : "It is not
pretended that there are any creditors or other domestic claim-
ants against the estate here. If, therefore, the appellant were
permitted to recover the amount of the debt claimed of Lump-
kin's estate, it would be for distribution to Mrs. Small and her
two sons. It has already been distributed among them as
shown by their own recorded admissions. It ought not to be
collected and distributed a second time." 28 Gratt. 839.
And so say we in this case.

There were five exceptions taken by the committee to the

commissioner's report, numbered, respectively, 1, 2, 3, 4, 5. The third, which was as to a clerical error, was sustained; the others overruled.

The first was as to $66.10 paid Mary A. Duiguid for support of the lunatic beyond the interest on the fund belonging to the lunatic; the second as to the allowance of rent for the farm held by Mrs. Mary Ann Duiguid. It would be inequitable, under the circumstances of this case, to refuse these credits in a settlement with Mary A. Duiguid, as they were for her benefit, and at her solicitation, and the same should be allowed in a new account, which will have to be taken in this case.

The fourth exception should have been allowed and sustained under the circumstances. The payment of the $60 was the best that could be done for the protection of the estate.

The fifth was for the disallowance of the usual commissions to the committee, that should have been sustained, and commissions allowed the committee. He should not forfeit his commissions when he devoted the entire annually accruing interest to the support of the lunatic, and held the principal unimpaired for distribution among the parties ultimately entitled. This committee has been faithful, diligent, and judicious, and has saved the estate all unnecessary expenses, and the failure to settle his accounts, when the transactions were all had with the parties entitled to the fund, who approved and solicited his acts, ought not debar his rights to the compensation allowed by law in the form of commissions.

In these errors the decree complained of will be reversed and annulled, and the cause remanded to the said circuit court of Lynchburg city for further proceedings to be had therein in accordance with the opinion.

Decree reversed.